## Pennsylvania Co. for Ins. on Lives, etc., Trustee, v. Ash et al.

*D. P. Hibberd,* for plaintiff; *J. C. Levi,* for defendants.

SMITH, J., Oct. 8, 1930.—In this case the plaintiff has taken a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense.

One Jacob Ash, on June 9, 1926, was the owner of No. 4701 Woodland Avenue in the City of Philadelphia. On that day he executed and delivered a mortgage on this property to Philip Hanopolsky as security for the payment of $70,000, with interest. The mortgage contained the usual provisions as to default and foreclosure. The mortgage was recorded and later assigned to

The Pennsylvania Company for Insurances on Lives and Granting Annuities. The assignment of mortgage was properly recorded June 30, 1927.

Jacob Ash died on Dec. 9, 1928. His executors and trustees are Isaac Ash, Rachel Ash and Alexander Ash, and the real owners are the said executors and trustees, and Isaac Ash, Rachel Ash, Alexander Ash, Benjamin Ash, Ray Ash and Florence Ash, individually, are the present and real owners.

On Dec. 9, 1929, there was a default in the payment of interest on said mortgage and in the production of tax receipts for the year of 1929, which default continued for more than thirty days. An averment of default was filed March 14, 1930, and also an affidavit as to the real owners and a *scire facias exit* returnable the third Monday in March, 1930. Return was made N. H. as to Jacob Ash and service accepted and appearance entered by an attorney for defendants.

On April 11, 1930, an affidavit of defense was filed on behalf of defendants, in which the right of action of the plaintiff was admitted but the right of plaintiff to obtain a personal judgment against defendants was denied, as they were not parties to the mortgage. The rule for judgment was then filed and a copy served upon the attorney for the defendants.

The Act of Jan. 12, 1705, § 6, 1 Sm. Laws, 57, makes it proper for a mortgagee to sue forth a *scire facias* in case of defaults of this nature. The *scire facias* proceedings are *in rem*: Wilson *v.* McCullough, 19 Pa. 77. The only writ that can issue is to sell the land, and the judgment entered thereunder is for the sale of the land or so much thereof as is needed to satisfy the judgment.

These proceedings do not in any manner make the individuals liable for the personal debt of the mortgagor.

There must be a judgment to support a *levari facias*. The affidavit of defense is not sufficient. The rule for judgment for want of a sufficient affidavit of defense is made absolute.